[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cincinnati Enquirer v. Deters,* Slip Opinion No. 2016-Ohio-8195.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8195

THE STATE EX REL. CINCINNATI ENQUIRER ET AL. *v.* DETERS, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cincinnati Enquirer v. Deters,* Slip Opinion No. 2016-Ohio-8195.]

*Mandamus—Public Records Act—R.C. 149.43—Writ of mandamus sought to compel county prosecuting attorney to release video recorded by a body camera worn by an officer who shot a motorist after a traffic stop—Cause dismissed with regard to relators who failed to request the video and writ denied with regard to remaining relators because the video has already been released—Request for statutory damages and attorney fees denied.*

(No. 2015-1222—Submitted June 14, 2016—Decided December 20, 2016.)

IN MANDAMUS.

_____

**LANZINGER, J.**

{¶ 1} Relators, the Cincinnati Enquirer ("Enquirer"); Scripps Media, Inc., d.b.a. WCPO-TV ("WCPO"); the Associated Press ("AP"); Raycom Media, d.b.a.

WXIX-TV ("WXIX"); Hearst Corporation, d.b.a. WLWT-TV ("WLWT"); and Sinclair Media III, Inc., d.b.a. WKRC-TV ("WKRC") (collectively, "relators"), filed this original action in mandamus seeking the release of the video from a camera worn by an officer who shot a motorist after a traffic stop. Respondent is Joseph T. Deters, the Hamilton County Prosecuting Attorney. The Hamilton County Prosecuting Attorney's Office is a public office subject to the Public Records Act, R.C. 149.43.

{¶ 2} Because some relators failed to request the record from the prosecutor's office, the complaint is dismissed with regard to those relators, and because the body-camera video has already been produced, the writ is denied as to the remaining relators. The request for statutory damages and attorney fees is denied because the video was produced within a reasonable period of time.

## CASE BACKGROUND

{¶ 3} On Sunday, July 19, 2015, Ray Tensing, a police officer with the University of Cincinnati Police Department ("UCPD"), shot and killed Samuel DuBose during a traffic stop in the Cincinnati neighborhood of Mount Auburn. Video and audio of the events leading up to the shooting, the shooting itself, and the events immediately following the shooting, were recorded by a camera worn by Officer Tensing on his chest ("body camera" or "body-cam").

{¶ 4} Later that evening, Chief Assistant Prosecuting Attorney Mark Piepmeier of the prosecutor's office responded to the scene and requested that UCPD and the Cincinnati Police Department withhold the Tensing Video until after the prosecutor's office presented the case to the grand jury. A UCPD officer prepared an incident report for the shooting shortly after midnight.

{¶ 5} Throughout the following week, relators made various requests for public records, including Tensing's body-camera video, to the University of Cincinnati, the Cincinnati Police Department, and the prosecutor's office. The following is a brief summary of those requests and the responses.

*The Requests*

**{¶ 6}** On July 20, 2015, an Enquirer reporter requested from both the University of Cincinnati and Cincinnati Police Department a copy of the incident report, all related security- and surveillance-camera video, and the personnel file for Tensing. The Enquirer did not submit a public-records request to the prosecutor's office.

**{¶ 7}** That same day, a reporter for WLWT contacted the prosecutor's office and requested a copy of the body-camera video. At that point, however, the prosecutor's office did not have it. Prosecuting Attorney Piepmeier obtained the video on July 21, 2015.

**{¶ 8}** On Tuesday, July 21, 2015, an assignment editor from WCPO requested of the Cincinnati Police Department a copy of the body-camera video as well as any 9-1-1 recordings and police-radio transmissions. WCPO did not submit a public-records request to the prosecutor's office.

**{¶ 9}** On July 22, 2015, the assignment manager for WXIX contacted the general counsel for the University of Cincinnati and requested a copy of the body-camera video. WXIX did not submit a public-records request to the prosecutor's office.

**{¶ 10}** On July 23, 2015, a correspondent for the AP requested of the prosecutor's office all videos involving the July 19 incident.

**{¶ 11}** On July 24, 2015, the news-assignment manager for WKRC requested from the prosecutor's office a copy of all video from the July 19 incident.

*The Responses*

**{¶ 12}** On Tuesday morning, July 21, 2015, an employee of the Cincinnati Police Department responded to the Enquirer's request and denied it, stating that the request concerned a UCPD officer and so should be directed to the UCPD. An employee of the Office of General Counsel for the University of Cincinnati also denied the Enquirer's request, in part. Specifically, the University of Cincinnati

denied the reporter's request for a copy of the incident report and all related security- and surveillance-camera video, stating: "[T]he University is collecting the information and working cooperatively with the Cincinnati Police Department and the Hamilton County Prosecutor's Office to make certain that release of information does not hinder any part of their investigation."

{¶ 13} On July 22, 2015, an employee of the prosecutor's office sent an e-mail addressed to "Media" stating:

> The body cam video in the July 19th [UCPD] officer involved shooting will not be released pursuant to:
>
> l. Sixth Amendment to the United States Constitution and ORC Section 149.43(A)(1)(v) as release could jeopardize a possible future fair trial; and
>
> 2. ORC Section 149.43(A)(1)(h) Confidential law enforcement investigatory records. See specifically ORC Section 149.43(A)(2)(c), Specific confidential investigatory techniques or procedures or specific investigatory work product, and State of Ohio ex rel. Mark W. Miller vs. Ohio State Highway Patrol, 2014-Ohio-2244 [14 N.E.3d 396 (12th Dist.)].

{¶ 14} On July 23, 2015, the University of Cincinnati released the requested records, with the exception of the body-camera video. That same day, the prosecutor issued the following statement regarding his refusal to turn over the video:

> The law supports our position to not release the video. If you do not want to look at the law and just use your common sense, it should be clear why we are not releasing the video only a few days

after the incident occurred. We need time to look at everything and do a complete investigation so that the community is satisfied that we did a thorough job. The Grand Jury has not seen the video yet and we do not want to taint the Grand Jury process. The video will be released at some point—just not right now.

*The Complaint and the Release of the Body-Cam Video*

{¶ 15} Relators filed the mandamus complaint in this case on July 27, 2015, asserting that the prosecutor had violated the Public Records Act by failing either to make the body-camera video available for inspection and copying or to prove that it is exempt from disclosure. In addition to a peremptory or alternative writ, relators request attorney fees and statutory damages. The prosecutor answered, asserting that the requested video is not a public record, because it is both a confidential law-enforcement investigatory record, R.C. 149.43(A)(1)(h), and a trial-preparation record, R.C. 149.43(A)(1)(g). Notwithstanding these assertions, the prosecutor released the video on July 29, 2015, two days after the complaint was filed in this case and, as the answer states, "immediately after the Grand Jury concluded its deliberations and returned indictment B-1503961."

**PENDING MOTIONS**

{¶ 16} Relators request that this court take judicial notice of a police shooting in Chicago, Illinois, in which the video from a camera mounted on a police cruiser was not released to the public for over a year. Under Evid.R. 201, a court may take judicial notice of adjudicative facts "i.e., the facts of the case." But the facts for which relators request judicial notice are not the facts of this case but that of an officer-involved shooting in Chicago. The request to take judicial notice is denied.

{¶ 17} Relators filed a motion to strike extraneous materials appended to the prosecutor's merit brief, arguing that the materials were not submitted by the

evidence-submission deadline and also that they do not constitute appropriate evidence under Sup.Ct.Prac.R. 12.06 because they are not affidavits, depositions, or exhibits attached to either an affidavit or a deposition. Evidence is "[s]omething * * * that tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered to prove the existence or nonexistence of a fact." *Black's Law Dictionary* 673 (10th Ed.2014). The materials appended to the prosecutor's brief are simply articles discussing the policies regarding the use of police body-cams and the disclosure of the resulting videos. They do not assert any fact relevant to the case and consequently were not covered by the evidence-submission deadline. We deny the motion to strike.

**LEGAL ANALYSIS**

{¶ 18} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1).

{¶ 19} Although the Public Records Act is accorded liberal construction in favor of access to public records, "the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. In addition, unlike in other mandamus cases, " '[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law.' " *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131

6

Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25, quoting *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

{¶ 20} R.C. 149.43(C)(1) allows suit only by "a person allegedly * * * aggrieved" by the failure of a public office "to promptly prepare a public record and to make it available." It is axiomatic that in order to be a person aggrieved by the failure of a public office to promptly respond to a public-records request, one must first request records from the public office. *See McCaffrey* at ¶ 20, citing *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d 385, 390, 715 N.E.2d 179 (1999) ("R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action") and *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14. Although the Enquirer, WCPO, and WXIX submitted public-records requests to the University of Cincinnati or the Cincinnati Police Department or both, they never submitted a public-records request to the prosecuting attorney. Because this lawsuit was brought against only the prosecuting attorney, these relators are not "aggrieved" by the prosecutor's failure to produce the body-camera video. Therefore, the cause is dismissed as to the Enquirer, WCPO, and WXIX.

{¶ 21} With regard to the remaining relators—WLWT, the AP, and WKRC—we deny the writ. Assuming arguendo that the body-cam video is a public record, the prosecutor provided relators with copies of the video on July 29, 2015, two days after this action was filed. Thus, to the extent that the mandamus action seeks to compel the prosecutor to release the video, the matter is moot. *See State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 23, citing *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Information Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("In general, the provision of requested records to a relator in a public-records mandamus case renders the mandamus claim moot").

*Statutory Damages and Attorney Fees*

**{¶ 22}** Separate from whether requested records are produced is whether the production was timely. Statutory damages may be awarded if the public record has not been provided promptly. R.C. 149.43(C)(1). Relators seek an award of statutory damages and attorney fees. The only issue that remains is whether the prosecutor promptly responded to the public-records requests.

**{¶ 23}** R.C. 149.43(B) does not set forth a deadline by which a public office must respond to a request for copies of public records. The only requirement is that a copy be made available in a reasonable period of time. And the determination of what is "reasonable" depends upon all the pertinent facts and circumstances. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10, citing *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 37-38. We have also stated that " 'R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials.' " *Morgan* at ¶ 16, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994).

**{¶ 24}** In this case, WLWT requested the body-camera video on Monday, July 20, 2015. The prosecutor's office, however, did not obtain the video until Tuesday, July 21, 2015. The AP requested the video on Thursday, July 23, 2015, and WKRC on Friday, July 24, 2015. The mandamus action was filed Monday, July 27, 2015, and the body-camera video was provided to relators on Wednesday, July 29, 2015.

**{¶ 25}** Because the prosecutor was entitled to review the video to determine whether any redaction was necessary and produced the body-camera video six business days after it was initially received by his office, we conclude that he responded in a reasonable period of time. Therefore, WLWT, the AP, and WKRC are not entitled to statutory damages or attorney fees.

**CONCLUSION**

**{¶ 26}** Because the Enquirer, WCPO, and WXIX failed to request the record from the prosecutor's office, the cause is dismissed with regard to those relators. The writ of mandamus is denied as to the AP, WLWT, and WKRC because the body-camera video has already been produced. The request for statutory damages and attorney fees is also denied, because the video was produced within a reasonable period of time.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

Graydon, Head & Ritchey, L.L.P., John C. Greiner, and Darren W. Ford, for relators.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Andrew G. Douglas, Roger E. Friedmann, Christian J. Schaefer, and Michael J. Friedmann, Assistant Prosecuting Attorneys, for respondent.

Michael DeWine, Ohio Attorney General, and Jeffery W. Clark and Sarah E. Pierce, Assistant Attorneys General, urging denial of the writ for amicus curiae Ohio Attorney General Michael DeWine.

Gregg Marx, Fairfield County Prosecuting Attorney, and Joshua S. Horacek, Assistant Prosecuting Attorney, urging denial of the writ for amicus curiae Ohio Prosecuting Attorneys Association.

Faruki, Ireland & Cox, P.L.L., Erin E. Rhinehart, and Christopher C. Hollon, urging granting of the writ for amicus curiae Reporters Committee for Freedom of the Press.

_____