[Cite as *Jones v. Vermillion Local School Dist.*, 2022-Ohio-3733.]

| | |
|---|---|
| ERIK W. JONES, et al. | Case No. 2022-00666PQ |
| Relators | Special Master Jeffery W. Clark |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| VERMILLION LOCAL SCHOOL DISTRICT | |
| Respondent | |

{¶1} On August 19, 2022, "relators" Erik Jones, Joseph Jones, and Kathleen Beyer filed an unsigned complaint styled PUBLIC RECORDS COMPLAINT IN MANDAMUS As Granted by R.C. §2743.75 FOR INJUNCTIVE RELIEF. On September 16, 2022, respondent Vermillion Local School District filed a motion under Civ.R. 12(B)(1) to dismiss for lack of subject matter jurisdiction on the grounds that 1) the complaint fails to show that relators made a public records request or that respondent denied one, and 2) requesters instead allege violations of R.C. 121.22 and other causes of action over which this court lacks jurisdiction. On September 29, 2022, relators filed three unsolicited documents, without original signatures and without proof of service (Reply).

{¶2} The public records program of the Court of Claims is a special statutory proceeding that applies only to disputes alleging denial of access to public records "in violation of division (B) of section 149.43 of the Revised Code." R.C. 2743.75(A), (C)(1), (F)(3), and (G)(2). It is not an action in mandamus, jurisdiction for which is conferred only on courts other than the Court of Claims by the Ohio Constitution, R.C. 2731.02, and R.C. 149.43(C)(1)(b). Nor does the statute confer authority on the Court of Claims to hear disputes regarding violations of Ohio's Open Meetings Act, R.C. 121.22, exclusive jurisdiction for which is vested in the court of common pleas. R.C. 121.22(I).

{¶3} "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Civ.R. 12(H)(3). On review of the complaint, relators' allegations and prayer for relief relate entirely to R.C. 121.22 and other declaratory and injunctive matters. (Complaint at 6-7.) The complaint does not allege denial of access to public records in violation of division (B) of section 149.43 of the Revised Code. The Special Master finds the Court of Claims lacks jurisdiction over relators' stated causes of action and recommends the complaint be DISMISSED pursuant to Civ.R. 12(B)(1).

{¶4} Even had the complaint made a general claim of violation of R.C. 149.43(B), the requester in an action under R.C. 2743.75 bears the initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. The same requirement would apply had relators brought a public records enforcement action in a court where mandamus may be filed:

> R.C. 149.43(C)(1) allows suit only by "a person allegedly * * * aggrieved" by the failure of a public office "to promptly prepare a public record and to make it available." It is axiomatic that in order to be a person aggrieved by the failure of a public office to promptly respond to a public-records request, one must first request records from the public office. *See* [*State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877] at ¶ 20, citing *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d 385, 390, 1999 Ohio 114, 715 N.E.2d 179 (1999) ("R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action") and *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14.

*State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 20.

{¶5} This complaint nowhere alleges that any relator made a public records request to respondent or that respondent denied requested access to public records in violation of R.C. 149.43(B). Even had relators alleged that a public records request had been made and denied, R.C. 2743.75(D)(1) requires the allegedly aggrieved person to file their complaint on the form prescribed by the clerk of the Court of Claims, and more importantly to attach to the complaint "copies of the original records request and any written responses or other communications relating to the request from the public office or person responsible for public records." R.C. 2743.75(D)(1). Relators have not complied with either of these requirements. Relators therefore fail to state a claim for which relief may be granted under both R.C. 149.43(C) and R.C. 2743.75 and the Special Master therefore further recommends the complaint be DISMISSED pursuant to Civ.R. 12(B)(6).

{¶6} Relator's reply is unsigned, in violation of Civ.R. 11, and is not accompanied by a completed proof of service, in the absence of which "[d]ocuments filed with the court shall not be considered. Civ.R. 5(B)(4). However, in the interest of justice the Special Master reviewed the reply and notes the following: Relators excuse their filing of the complaint in this court by stating they "were told by the Erie County Court of Common Pleas, that the Ohio Court of Claims is the court for this action." Relators invite the court to explore a "video summary of meetings (See Ex D.)" to view more of their "grievances," invite the court to visit an online posting of respondent's recent meeting minutes, and state that "Respondent's Counsel also conveniently failed to mention, the Requesters do bring before this court evidence of Respondents breaking R.C. 149.43" without pointing to any public record request or denial. (Reply at 2.) The Special Master finds that none of these assertions rectify the omissions on which the findings of lack of jurisdiction and failure to state a claim are based. The Special Master declines relators' invitation to comb through its exhibits and online links in search of actionable conduct.

> It is not the role of this court to "search the record or formulate arguments on behalf of the parties." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-

Ohio-4034, 19 N.E.3d 900, ¶ 19, much less to conduct research to develop evidence the parties did not submit.

*State ex rel. McKenney v. Jones*, Slip Opinion No. 2022-Ohio-583, ¶ 26-28 (original action in mandamus).

**Conclusion**

{¶7} Upon consideration of the pleadings and attachments, the Special Master recommends the court dismiss relators' claims for lack of jurisdiction over the subject matter, without prejudice. The Special Master further recommends the court dismiss relator's claims for failure to state any claim for which relief may be granted by this court, without prejudice. It is recommended that costs be assessed to relators.

{¶8} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFF CLARK
Special Master

**Filed September 28, 2022**
**Sent to S.C. Reporter 10/20/22**