[Cite as *Bruno v. Ohio Aud.'s of State*, 2024-Ohio-5312.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MARY BRUNO | Case No. 2024-00607PQ |
| Requester | Special Master Todd Marti |
| v. | REPORT AND RECOMMENDATION |
| OHIO AUDITOR'S OF STATE | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) dismiss this case without prejudice and (2) order respondent to bear the costs of this case.

**I. Background**.

{¶2} R.C. 117.11(A) requires the respondent Ohio Auditor of State ("AOS") to periodically audit the financial affairs of every public office of the State of Ohio. R.C. 117.28 authorizes the AOS to issue findings for recovery ("FFR") of public funds that were improperly disbursed or received. FFRs only issue after the matter has been reviewed by the AOS' legal department. Not all improper disbursements result in FFRs. Some are addressed by the public office while the audit is being conducted. Some are addressed in management letters, prospectively oriented guidance from the AOS on how to address the problem underlying the disbursement at issue. See generally, *Implementation Guide For Legal Compliance Auditing in Ohio, 2024 Ohio Compliance Supplement* (AOS 2024), https://ohioauditor.gov/references/compliancemanuals/2024/OCSImplementationGuide_2024.pdf (accessed October 3, 2024).

{¶3} The AOS audited the Village of Milan for the years ending on December 31, 2020, and 2021. The audit process raised concerns about employees' use of paid and compensatory leave, but no FFRs were issued regarding those matters. Requester Mary Bruno, a Milan resident, disagrees with the absence of FFRs, and claims to have made

multiple public records requests to the AOS for materials related to that audit. *Amended Complaint*, Filed August 28, 2024, pp. 5, 6, 9, 53; *PQ Miscellaneous*, filed September 13, 2024 ("*Respondent's Evidence*"), pp. 11, 27, 44, 85, 94, 100.[1]

{¶4} Ms. Bruno filed this case to challenge the AOS' response to her requests. Ms. Bruno amended her complaint, a schedule was set for respondent to submit putatively privileged records for in camera review, and for parties to submit evidence/memoranda in support of their positions. That schedule has run its course, and the case is ripe for decision. *Order*, entered August 21, 2024; *Amended Complaint*.

## II. Analysis.
### A. Requester has not shown that she has standing to bring this case.

{¶5} The AOS moves to dismiss this case, arguing that Ms. Bruno does not have standing to bring this case because she has not shown that she made the public records requests at issue. That argument is well taken

{¶6} A party seeking to enforce public records requests through a R.C. 2743.75 action must show that it made the requests:

> "Both R.C. 149.43(C)(1) and R.C. 2743.75(D)(1) require that a person invoking R.C. 2743.75 be allegedly 'aggrieved' by a violation of R.C. 149.43(B). One cannot be aggrieved unless he or she makes the public records request at issue, either directly or through a designee. That is established by *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076
> ***
> *Enquirer* held that it "that in order to be a person aggrieved *** one must first request records from the public office." 148 Ohio St.3d 595, ¶ 20. It denied relief to . . . requesters who did not themselves request the records at issue, even though other requesters sharing the same objective requested the same records." *Langer v. Ohio State Univ. Office of Univ. Compliance & Integrity*, 2023-Ohio-2323, ¶¶ 8-10, adopted July 23, 2023 (Ct. of Cl.).

{¶7} The party bringing the case has the burden of proving that it made the requests it seeks to enforce. *Id*.at ¶ 10. That fact must be proven with clear and convincing evidence. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶¶ 14, 15. See

---

[1] All references to specific pages of the original and amended complaints are to the pages of the PDF copies posted in the court's docket.

also *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 32 (R.C. 2743.75 proceedings are controlled by mandamus standards).

{¶8} Ms. Bruno has not made that showing. The requests underlying this case were all made from the anonymous email address of localgovernmentinvestigations@gmail.com. None of those emails identified Ms. Bruno as the sender or otherwise referred to her. *Amended Complaint*, pp. 5, 6, 9, 53; *Respondent's Evidence*, pp. 11, 27, 44, 85, 94, 100. Despite being advised of the AOS' intent to challenge her standing and being ordered to provide affidavit testimony that she in fact made the requests underlying this case, she had not done so. The affidavits she submitted merely state that there are multiple persons affiliated with localgovernmentinvestigations@gmail.com, but do not state that Ms. Bruno was the specific person who made the requests before the court. *Id*. pp. 2-4. Ms. Bruno has provided no other evidence that she made those requests. She therefore lacks standing to press her claims under R.C. 2743.75.

{¶9} That is not changed by the July 5, 2024, email exchange between Ms. Bruno and the AOS regarding her dissatisfaction with 2020-2021 audit. That exchange was attached to her original complaint. *Complaint*, filed August 2, 2024, p. 35.  Although it suggests that Ms. Bruno did make the requests involved in this case, it was not attached to her amended complaint. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . . The original pleading, once superseded, *cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading*." *Wellness Community v. Wellness House*, 70 F.3d 46, 49 (7th Cir.1995) (quoting 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1476 at 556-57, 559 (1990)) (emphasis added); *Hoover v. Sumlin*, 12 Ohio St.3d 1, 4 (1984) (Civ.R. 15 patterned after Fed.R.Civ.P. 15). Ms. Bruno's amended complaint did not incorporate that email exchange, so it cannot be considered here.

{¶10} Given that, I recommend that this case be dismissed without prejudice. See *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 2012-Ohio-5017, ¶ 40 (dismissal for lack of standing is without prejudice).

**B.  Claims about the merits of the audit exceed the jurisdiction granted by R.C. 2743.75.**

{¶11} Ms. Bruno devotes considerable effort to arguing that the 2020-2021 audit was flawed, but those arguments cannot be reached here. R.C. 2743.75, the exclusive basis for this case, only gives the court jurisdiction to address claimed violations of R.C. 149.43(B).  Ms. Bruno's complaints about whether FFRs should have issued are beyond the scope of R.C. 149.43(B). They are therefore beyond the scope of the court's R.C. 2743.75 jurisdiction.

**C. Requester should bear the costs of this case**.

{¶12} Costs should be assessed against requester pursuant to R.C. 2743.09(F), and R.C. 2303.20 because she implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

**III. Conclusion.**

{¶13} In light of the foregoing, I recommend that the court:

　　A.  Dismiss this case without prejudice and

　　B.  Order requester to bear the costs of this case.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　TODD MARTI
　　　　　　　　　　　　　　　　　　　　　Special Master

**Filed October 3, 2024**
**Sent to S.C. Reporter 11/6/24**