[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. Phillips*, Slip Opinion No. 2025-Ohio-2081.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2081

THE STATE EX REL. FENSTERMAKER *v*. PHILLIPS, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. Phillips*, Slip Opinion No. 2025-Ohio-2081.]

*Mandamus—Public-records requests—County prosecutor has produced all records that inmate requested but failed to produce them within a reasonable period of time—Inmate's request for writ denied as moot, and relator awarded $1,000 in statutory damages.*

(No. 2024-0858—Submitted March 11, 2025—Decided June 17, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. FISCHER, J., concurred in part and dissented in part and would not award statutory damages.

**Per Curiam.**

**{¶ 1}** Relator, Tony Fenstermaker, seeks a writ of mandamus ordering respondent, Union County Prosecuting Attorney David W. Phillips, to produce public records Fenstermaker requested under R.C. 149.43, Ohio's Public Records Act. Fenstermaker also seeks an award of statutory damages under the act and prejudgment interest under R.C. 1343.03(C)(1)(a).

**{¶ 2}** For the reasons explained below, we deny Fenstermaker's request for a writ as moot, award him $1,000 in statutory damages, and deny his request for prejudgment interest.

## I. BACKGROUND

**{¶ 3}** Fenstermaker is confined at the Southeastern Correctional Institution. On March 20, 2024, Phillips received a public-records request from Fenstermaker by certified mail. In that request, Fenstermaker asked for copies of the records-retention schedule of the prosecutor's office, "[c]ertified [s]tatement[s]" prepared by the prosecutor under former R.C. 309.16[1] for the years 2016 through 2022, and the "[c]ashbook/[j]ournal" maintained by the prosecutor under R.C. 2335.25[2] for the same period.

**{¶ 4}** On March 22, Phillips sent Fenstermaker a letter acknowledging receipt of his public-records request, stating: "As soon as we compile the records

---

1. The General Assembly repealed R.C. 309.16, effective April 4, 2023, *see* 2022 Am.Sub.S.B. No. 16. But during the times relevant to Fenstermaker's public-records request, the statute required each county's prosecuting attorney to annually "make a certified statement to the board of county commissioners specifying" certain information regarding the criminal prosecutions in that county during the preceding year as well as additional information relating to the prosecution of aggravated-arson and arson offenses in that county during the same period. Former R.C. 309.16(A), Am.Sub.S.B. No. 198, 138 Ohio Laws, Part I, 683, 683-684.

2. At all times relevant to Fenstermaker's public-records request, R.C. 2335.25 required each county's prosecuting attorney to "enter in a journal or cashbook . . . an accurate account of all moneys collected or received" in the prosecutor's official capacity. *See* Am.Sub.H.B. No. 49, 136 Ohio Laws, Part I, 1452, 1456 (effective Sept. 1, 1975); 2017 Am.Sub.H.B. No. 49 (effective Jan. 1, 2018). The statute further provided that the cashbook "shall be a public record of the office."

you have requested, we will determine the cost to have them reproduced and mailed to you.  In accordance with our Public Records Policy, we will require prepayment of the cost of reproduction and mailing."

{¶ 5} On June 10, after Phillips had failed to follow up with the cost information, Fenstermaker filed this action requesting a writ of mandamus ordering Phillips to produce copies of the requested records and an award of statutory damages.  We granted an alternative writ on August 28, setting a schedule for the submission of evidence and briefs.  2024-Ohio-3227.  Before Fenstermaker's brief was due, however, we granted his motion to refer the case to mediation.  2024-Ohio-4561.  On December 24, we returned the case to the regular docket and set a new case schedule.  2024-Ohio-3227.  Phillips filed evidence, the parties have submitted their merit briefs, and the case is ripe.

## II.  ANALYSIS

### A.  *Writ of mandamus*

{¶ 6} A writ of mandamus is an appropriate remedy by which to compel compliance with the Public Records Act.  *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6.  To obtain the writ, the relator must prove, by clear and convincing evidence, that the requested records exist and that they are public records maintained by the office that received the request.  *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

{¶ 7} Here, the parties agree that Phillips provided all the requested public records to Fenstermaker on June 28, 2024.  "Mandamus will not lie to compel an act that has already been performed."  *State ex rel. Eubank v. McDonald*, 2013-Ohio-72, ¶ 1.  A public-records mandamus case generally becomes moot when the public office provides the requested records.  *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 22.  Therefore, Fenstermaker's request for a writ of mandamus is denied as moot.  But his request for statutory damages is not moot.  *See, e.g.*, *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 6-7.

*B. Statutory damages*

**{¶ 8}** Under R.C. 149.43(C)(2),[3] a requester of public records is entitled to statutory damages when (1) he has transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) the request "fairly describes the public record or class of public records to the public office or person responsible for the requested public records," and (3) "a court determines that the public office or the person responsible for public records failed to comply with an obligation" imposed by R.C. 149.43(B). Statutory damages accrue at $100 for each business day the public office or official failed to comply with R.C. 149.43(B), beginning on the day the requester filed the mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2).

**{¶ 9}** One of the obligations established in R.C. 149.43(B) is that the public office or official "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time," R.C. 149.43(B)(1). Whether public records have been produced within a reasonable period "depends upon all the pertinent facts and circumstances." *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 23.

**{¶ 10}** In his brief, Phillips asserts that Fenstermaker cannot prove that he is entitled to statutory damages because he failed to submit any evidence to this court. Phillips is correct that Fenstermaker did not separately submit evidence in a subsequent filing. However, Fenstermaker's complaint is in the form of an affidavit, and in that affidavit, he avers that Phillips received a public-records request from Fenstermaker by certified mail on or about March 20, 2024, he identifies the three types of records that he was seeking, and he states that Phillips had failed to produce copies of the requested records. Fenstermaker also submitted

---

3. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

three exhibits with his complaint: (1) a copy of a receipt showing that Phillips received the certified mailing on March 20, (2) a copy of Phillips's March 22 letter acknowledging receipt of Fenstermaker's public-records request, and (3) a copy of the prosecutor's public-records policy. Fenstermaker's affidavit and exhibits demonstrate that he made his public-records request by certified mail and that his request fairly described the public records he was seeking.

**{¶ 11}** The only issue that remains to be determined is whether Phillips failed to deliver the public records that Fenstermaker requested within a reasonable period.

**{¶ 12}** Although on March 22 Phillips sent Fenstermaker a letter acknowledging receipt of the public-records request, Phillips did not deliver the requested records for another 98 days. "R.C. 149.43(B) does not set forth a deadline by which a public office must respond to a request for copies of public records. The only requirement is that a copy be made available in a reasonable period of time." *Cincinnati Enquirer*, 2016-Ohio-8195, at ¶ 23. What is reasonable depends on all the pertinent facts and circumstances. *Id*. But we have previously held that the absence of *any* response from a public office over a two-month period constitutes a failure to respond within a reasonable period. *See State ex rel. DiFranco v. S. Euclid*, 2014-Ohio-538, ¶ 21, *superseded by statute on other grounds as stated in State ex rel. Cincinnati Enquirer v. Cincinnati*, 2019-Ohio-3876, ¶ 12. In this case, Phillips's delay after acknowledging Fenstermaker's public-records request exceeded three months.

**{¶ 13}** In his merit brief, Phillips acknowledges that both the collection and the production of the requested records were delayed, adding only that "[r]ecords from the years 2016 through 2018 were on a case management system that had been replaced but were still accessible." But Phillips does not actually claim that the location of the records made them difficult to retrieve or otherwise contributed to the more than three-month delay in their production. Moreover, Phillips has not

offered any explanation for his delay in delivering the requested copies of his office's records-retention schedule or the requested copies of the records pertaining to the years 2019 through 2022.

**{¶ 14}** We therefore conclude that Phillips failed to produce the records Fenstermaker requested within a reasonable period of time and that Fenstermaker is entitled to the maximum award of $1,000 in statutory damages under R.C. 149.43(C)(2) since the records were produced more than ten days after this action was filed.

### C. Prejudgment interest

**{¶ 15}** The final claim Fenstermaker asserts in his merit brief is that he is entitled to an award of prejudgment interest under R.C. 1343.03(C)(1)(a) based on his allegations that Phillips has admitted to liability in his pleadings and failed to make a good-faith effort to settle the case during mediation. R.C. 1343.03(C)(1)(a) provides for the award of prejudgment interest in certain circumstances when a party in "a civil action that is based on tortious conduct" has failed to make a good-faith effort to settle the case. But this is not a civil case based on tortious conduct—i.e., "[a]n act or omission that subjects the actor to liability under the principles of tort law," *Black's Law Dictionary* (12th Ed. 2024). Moreover, this court has never held that prejudgment interest can be awarded along with statutory damages in a public-records case. Therefore, regardless of the veracity of the allegations Fenstermaker makes in support of this claim, we deny his request for prejudgment interest.

### III. CONCLUSION

**{¶ 16}** For the reasons set forth above, we deny Fenstermaker's request for a writ of mandamus as moot, grant his request for statutory damages in the amount of $1,000, and deny his request for prejudgment interest.

Writ denied as moot.

———————

Tony Fenstermaker, pro se.

David W. Phillips, Union County Prosecuting Attorney, and Thayne D. Gray, Assistant Prosecuting Attorney, for respondent.

_____