[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mason v. Basinger*, Slip Opinion No. 2026-Ohio-638.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-638

THE STATE EX REL. MASON, APPELLANT, *v.* BASINGER, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mason v. Basinger*, Slip Opinion No. 2026-Ohio-638.]

*Mandamus—Public-records requests—Relator failed to show that the only named respondent, a mail-room employee, had a clear legal duty to provide requested public records—Court of appeals improperly dismissed complaint after granting summary judgment to respondent—Court of appeals' judgment modified, and writ and request for statutory damages denied.*

(No. 2025-0743—Submitted October 7, 2025—Decided February 27, 2026.)

APPEAL from the Court of Appeals for Allen County, No. 01-24-073.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only.

**Per Curiam.**

{¶ 1} Appellant, David Mason, sent a public-records request by certified mail addressed to the supervisor of education at the Department of Rehabilitation and Correction's ("ODRC") Allen-Oakwood Correctional Institution ("ACI"). When Mason did not receive a response, he brought a mandamus action in the Third District Court of Appeals seeking issuance of a writ to compel production of the requested public records. He also requested an award of statutory damages.

{¶ 2} Mason named appellee, Gloria Basinger, the mail-room clerk who signed for the certified mail, as the only respondent. The Third District granted summary judgment to Basinger on the ground that Mason did not name as a respondent either the public office or the person responsible for the public records. The Third District dismissed the complaint, and Mason appeals.

{¶ 3} The Third District correctly granted summary judgment to Basinger. However, we sua sponte modify the court of appeals' dismissal of the mandamus complaint to a denial of the writ.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 4} Mason is an inmate at the North Central Correctional Complex. On September 17, 2024, Mason sent a public-records request by certified mail to the "Supervisor of Education" at ACI. The request sought various records related to ACI's educational programming. Mason addressed the certified mail to "Supervisor of Education, ACI, P.O. Box 4501, Lima, Ohio, 45802." On September 25, Basinger signed for the certified mail. Mason states that he did not receive a response to his public-records request.

{¶ 5} On November 25, Mason filed a complaint for a writ of mandamus in the Third District Court of Appeals. As the respondent, he named only Basinger—whom he identified as ACI's supervisor of education. Basinger answered and the parties filed cross-motions for summary judgment and supporting evidence.

Basinger denies being the supervisor of education, and she submitted an affidavit in which she stated that at the time of the mailing, she worked in ACI's mailroom with the job title "Storekeeper 2." She also stated that her job duties in that position involved managing incoming and outgoing mail, that she has never been involved in any aspect of educational programming at ACI, and that she has had no role in managing or maintaining records related to a prison's education department or services.

**{¶ 6}** The Third District granted summary judgment to Basinger because Mason did not name as a respondent either the public office or the person responsible for the public records. The Third District dismissed the complaint. Mason appeals as of right.

## II. LEGAL ANALYSIS

### A. *The court of appeals properly granted summary judgment to Basinger*

**{¶ 7}** The Third District granted summary judgment to Basinger on the ground that Mason did not name as a respondent the public office or person responsible for the public records. The court of appeals was correct in doing so.

**{¶ 8}** Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *State ex rel. Rodriguez v. Barker*, 2019-Ohio-4155, ¶ 7. We review a court of appeals' decision granting summary judgment de novo. *Id.*

**{¶ 9}** "A writ of mandamus is an appropriate remedy by which to compel compliance with the Public Records Act." *State ex rel. Fenstermaker v. Phillips*, 2025-Ohio-2081, ¶ 6; *accord* R.C. 149.43(C)(1)(b).[1] To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the

---

1. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the versions of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023) and 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024), which are substantively the same for purposes of this opinion.

record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 10} Generally, a public office or person responsible for public records has an obligation to make copies of public records available to a requester at cost and within a reasonable period. R.C. 149.43(B)(1). Here, Mason seeks a writ of mandamus ordering Basinger to produce the public records he requested. But Basinger has submitted evidence showing that she did not maintain or control the requested records and had no duties related to educational services or programming. Instead, she worked in the prison's mail room and her only connection to Mason's public-records request is that she signed for the certified mail. Mason has not submitted evidence showing otherwise.

{¶ 11} We previously held, in a case in which the relator did not provide evidence linking a mail-room employee to the requested public records, that the relator failed to show that the mail-room employee was a person responsible for public records. *State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2025-Ohio-1577, ¶ 29-30. Similarly here, Mason has not shown by clear and convincing evidence that Basinger is a person responsible for the public records that Mason requested.

{¶ 12} Mason argues that even if Basinger did not maintain the records herself, he mailed his public-records request to the office, not to her. Therefore, he argues that he properly sent his request to the public office. But even assuming that mailing a request to the "supervisor of education" constitutes sending the request to a public office, Mason did not name the office as a respondent in his mandamus complaint. Rather, he named Basinger, and Basinger has no clear legal duty to provide the public records. Put another way, Mason might meet the first requirement for a writ of mandamus: a clear legal right to production of the records. But he has not shown that he meets the second requirement: a clear legal duty on the part of the respondent to provide them. *See Griffin*, 2021-Ohio-1419, at ¶ 10.

{¶ 13} In his merit brief, Mason appears to argue that he named the "supervisor of education" as an additional respondent in his complaint, separate from Basinger. This is inaccurate. Mason wrote the respondent line in the caption of his complaint as "**Gloria Basinga** [sic] (ACI Supervisor of Education)." (Emphasis in original.) The caption does not list "ACI Supervisor of Education" separately from Basinger, and the bolding and parenthetical indicate that Mason believed Basinger was the supervisor of education or worked for the supervisor. Any ambiguity is clarified by the body of Mason's complaint, which refers to the respondent in the singular, and which seeks a writ compelling "Respondent, Gloria Basigna [sic], Allen Correctional Institution supervisor of education, to provide public records pursuant to R.C. 149.43." Therefore, Mason named only one respondent.

{¶ 14} Mason also cites what he claims is an ODRC policy requiring "all ODRC personnel [to] familiarize themselves with the records considered 'public' and 'non-public' by ODRC." But even if Basinger was required to familiarize herself with what is and is not a public record, that does not mean that she is a person responsible for public records related to ODRC educational programming.

{¶ 15} Because Mason did not show that Basinger has a clear legal duty to provide the public records he requested, he is not entitled to a writ of mandamus. Similarly, because Basinger did not fail to comply with an obligation under R.C. 149.43(B), Mason is not entitled to an award of statutory damages. *See* R.C. 149.43(C)(2).

### B. Modification of dismissal to denial

{¶ 16} Although the Third District correctly granted summary judgment to Basinger, it improperly dismissed Mason's complaint. Because the parties submitted evidence and the court of appeals granted summary judgment, the proper resolution was to *deny* the writ rather than *dismiss* the complaint. *See State ex rel. E. Mfg. Corp. v. Ohio Civil Rights Comm.*, 63 Ohio St.3d 179, 180-181 (1992). We

have previously sua sponte modified similar dismissals to denials and we do so here as well.  *See id*; *see also State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2023-Ohio-2668, ¶ 19.

### III.  CONCLUSION

{¶ 17} Mason has not shown that Basinger—the only respondent named in his mandamus action—has a clear legal duty to provide the public records Mason requested.  Accordingly, Mason is not entitled to a writ of mandamus or an award of statutory damages.  However, because the parties filed evidence and the Third District Court of Appeals granted summary judgment, we sua sponte modify the court of appeals' dismissal of Mason's complaint to a denial of the writ.

Judgment modified
and writ denied.

————————————

David Mason, pro se.

Dave Yost, Attorney General, and Adam Beckler, Assistant Attorney General, for appellee.

————————————