[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stuart v. Greene*, Slip Opinion No. 2020-Ohio-3685.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3685

THE STATE EX REL. STUART *v.* GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stuart v. Greene*, Slip Opinion No. 2020-Ohio-3685.]

*Mandamus—Public records—Statutory damages will not be awarded when public-records custodian responds to public-records request within a reasonable period of time—Writ denied.*

(No. 2019-0592—Submitted April 7, 2020—Decided July 14, 2020.)

IN MANDAMUS.

————————

**Per Curiam.**

{¶ 1} Relator, Keontae Stuart, brings this original action in mandamus to compel respondent, Larry Greene, the public-records custodian for the Southern Ohio Correctional Facility ("SOCF"), to provide Stuart with a document from his public-records request. We grant Greene's "motion to seal supplemental notice" and deny Stuart's request for a writ of mandamus.

## I. Background

{¶ 2} On April 7, 2019, when Stuart was incarcerated at SOCF, he submitted a public-records request and asked for SOCF's K-2 post orders, which is a document describing the duties of the prison's K-2 housing-unit officers. On April 10, 2019, Greene informed Stuart that Stuart needed to pay $1.80 for a copy of the record.

{¶ 3} On May 2, 2019, Stuart filed a complaint for a writ of mandamus in this court, alleging that Greene had not provided the document. On May 8, 2019, after Stuart had paid the $1.80 fee, Greene provided a redacted copy of the record to Stuart. Stuart then filed a motion asking this court to order Greene to submit the unredacted record for an in camera inspection. On July 24, 2019, we granted the motion and ordered Greene to submit the record within ten days. 156 Ohio St.3d 1469, 2019-Ohio-2953, 126 N.E.3d 1184. After some delay, on October 18, 2019, Greene filed the unredacted record in a supplemental notice. Greene also filed a motion asking that this court keep the unredacted record under seal. The record remains under seal pending a ruling from this court. S.Ct.Prac.R. 3.02(A)(1)(b)

{¶ 4} On December 24, 2019, we issued an alternative writ of mandamus ordering the parties to file merit briefs and evidence in accordance with S.Ct.Prac.R. 12.05. 157 Ohio St.3d 1516, 2019-Ohio-5289, 136 N.E.3d 515.

## II. Analysis

### A. *The public-records request*

{¶ 5} Stuart initially brought this suit to compel Greene to respond to Stuart's public-records request. Greene *did* eventually provide a redacted copy of the document to Stuart. In his merit brief, Stuart does not challenge the propriety of the redactions. This aspect of the case is therefore moot. *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("In general, the provision of requested

records to a relator in a public-records mandamus case renders the mandamus claim moot").

{¶ 6} The only issue raised by Stuart in his merit brief is whether he is entitled to statutory damages due to Greene's alleged failure to make the record available "promptly." R.C. 149.43(B)(1) requires a public office or official to promptly prepare all responsive records "within a reasonable period of time." "Statutory damages may be awarded if the public record has not been provided promptly." *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 22; R.C. 149.43(C)(2).

{¶ 7} The phrase "reasonable period of time" is not defined in R.C. 149.43, Ohio's Public Records Act, "but 'the determination of what is "reasonable" depends upon all the pertinent facts and circumstances.' " *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 16, quoting *Deters* at ¶ 23. In *Kesterson*, for example, we awarded statutory damages because the public office did not provide the requested records until six months after Kesterson commenced his mandamus action. *Id*. at ¶ 22. By contrast, a response time of 24 days was considered a reasonable period of time to respond to a broad records request when the public office had to search for responsive documents, exclude nonresponsive documents, print the documents, and then review them to redact exempt information. *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 17.

{¶ 8} The facts of this case are more akin to those of *Shaughnessy*. Greene provided the record to Stuart on May 8, only 31 days after he received Stuart's request. The document was 18 pages, and the amount of information redacted was substantial. "R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). Stuart has suggested no reason

why the amount of time that it took for Greene to prepare the record was unreasonable nor has he suggested what a more reasonable response time might have been. Because Stuart has failed to prove that Greene breached his duty to respond to the public-records request within a reasonable time, Stuart is not entitled to an award of statutory damages.

{¶ 9} Stuart argues that the redacted document was provided only after he commenced this mandamus action. When a public official makes records available for the first time after a mandamus suit is filed but before a court issues an order, the court may sometimes be called upon to determine whether the official acted in bad faith. But that determination is relevant only to awards of attorney fees, R.C. 149.43(C)(3)(b)(iii), and court costs, R.C. 149.43(C)(3)(a)(ii), *not* to statutory damages. As a pro se litigant, Stuart is ineligible for an award of attorney fees. *State ex rel. Fant v. Mengel*, 62 Ohio St.3d 197, 198, 580 N.E.2d 1085 (1991).

{¶ 10} And as for court costs, although Stuart raised the issue in his complaint (under a different legal theory), he waived the issue by failing to address it in his merit brief. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 83 ("Although relators requested attorney fees in their complaint, they did not include any argument in support of this relief in their merit brief. Relators thus waived this claim"). Therefore, we need not conduct a bad-faith analysis.

*B. The motion to seal*

{¶ 11} Pursuant to this court's order, Greene filed the unredacted record under seal. Because Stuart has not challenged the redactions, we grant Greene's request to keep the supplemental notice sealed to keep the information confidential.

## III. Conclusion

{¶ 12} Based on the foregoing, we deny Stuart's request for a writ of mandamus compelling the payment of statutory damages.

Writ denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

KENNEDY and DEWINE, JJ., concur in judgment only.

_____

Keontae Stuart, pro se.

Dave Yost, Attorney General, and Jared S. Yee and Thomas Edward Madden, Assistant Attorneys General, for respondent.

_____