[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Tyack*, Slip Opinion No. 2024-Ohio-2692.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2692

THE STATE EX REL. MOBLEY *v*. TYACK, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Tyack*, Slip Opinion No. 2024-Ohio-2692.]**

*Mandamus—Relator's public-records request did not identify with reasonable clarity the records he was seeking from county prosecutor's office—Writ and request for statutory damages and court costs denied.*

(No. 2023-1094—Submitted May 7, 2024—Decided July 18, 2024.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Alphonso Mobley Jr., filed an original action in mandamus against respondent, Franklin County Prosecuting Attorney G. Gary Tyack. Mobley

seeks the production of public records and awards of statutory damages and court costs. We deny the writ and decline to award statutory damages or court costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** On July 20, 2023, Mobley sent the Franklin County prosecutor's office a public-records request by certified mail, which the office received on July 25. Although Mobley's request listed five items, he states in his brief that he is now seeking relief only as to the fifth item: "a paper copy of . . . Prosecuting Attorney funds and Accounts: Equitable Sharing; Law Enforcement Trust Fund; Furtherance of Justice 2016-2021."[1] (Emphasis deleted.)

**{¶ 3}** Mobley filed this mandamus action on August 29. On September 25, the prosecutor's office responded to Mobley in writing. Regarding the fifth requested item, the office wrote that it had determined the request "to be vague and voluminous and, therefore, unenforceable."

**{¶ 4}** The prosecutor's office filed a motion to dismiss. We denied the motion, granted an alternative writ, and ordered the submission of evidence and briefs. 2023-Ohio-4259.

**{¶ 5}** Mobley filed his evidence on December 11. In an affidavit he submitted as evidence, Mobley elaborates on the fifth item in his request. He cites a statute and an internal policy of the prosecutor's office that refer to annual reports and statements relating to the prosecutor's Law Enforcement Trust Fund, Furtherance of Justice Fund, and Equitable Sharing Agreement with the federal government. On December 19, the office sent Mobley a follow-up response. Although the office maintained that Mobley's records request was vague and

---

1. Mobley's complaint also sought relief regarding a public-records request he allegedly sent to the prosecutor's office on November 16, 2022. But neither his evidence nor his brief mentions the November 16 request, so he has waived any issue regarding that request. *See State ex rel. Stuart v. Greene*, 2020-Ohio-3685, ¶ 10 (the relator waived issue raised in complaint but not addressed in brief).

voluminous, the office produced to him 14 documents of the type identified in the fifth item of his request. Mobley does not address this production.

## II. LEGAL ANALYSIS

### A. *Writ of mandamus*

{¶ 6} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with R.C. 149.43(B). *See* R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Mobley must prove, by clear and convincing evidence, that he has a clear legal right to the relief sought and that the prosecutor's office has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10.

{¶ 7} Mobley argues that the prosecutor's office violated R.C. 149.43(B) by denying his records request as vague and voluminous. It is the responsibility of the person requesting public records to identify with reasonable clarity the records requested. *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶ 22. Mobley's request sought "Prosecuting Attorney funds and Accounts: Equitable Sharing; Law Enforcement Trust Fund; Furtherance of Justice 2016-2021." Such a request does not identify with reasonable clarity the records Mobley is seeking in that it does not specify any records relating to the prosecutor's funds.

{¶ 8} In his brief, Mobley cites R.C. 325.12(E) and a policy of the prosecutor's office requiring the submission of certain reports and statements relating to the prosecutor's funds, and he argues that the office should have produced these documents to him. But Mobley's records request did not cite the statute or policy, nor did it specify the documents he was requesting. And he cites no authority for the proposition that a requester may employ a brief to cure an otherwise vague public-records request—which is what his brief attempts to do here.

**{¶ 9}** Finally, Mobley points out that his records request tracks the language of a records category in the records-retention schedule of the prosecutor's office, and he argues that he requested "the records created and maintained" by using that language. But in his request, Mobley neither referred to the records-retention schedule nor requested records maintained pursuant to it. And even if he had requested records maintained pursuant to the schedule, "a 'records request is not specific merely because it names a broad category of records listed within an agency's retention schedule,' " *State ex rel. Zidonis v. Columbus State Community College*, 2012-Ohio-4228, ¶ 26, quoting *State ex rel. Zidonis v. Columbus State Community College*, 2011-Ohio-6817, ¶ 5 (10th Dist.).

**{¶ 10}** Because Mobley's records request did not identify with reasonable clarity the records he is seeking, we deny his request for a writ ordering the prosecutor to produce the records.

### B. *Statutory damages and court costs*

**{¶ 11}** Mobley also argues that he is entitled to awards of statutory damages and court costs. "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2). Similarly, court costs shall be awarded when "the court orders the public office or the person responsible for the public record to comply with [R.C. 149.43(B)]." R.C. 149.43(C)(3)(a)(i); *Atakpu* at ¶ 20.

**{¶ 12}** Because we deny the writ and conclude that the prosecutor's office correctly determined that Mobley's records request was impermissibly vague, we conclude that the prosecutor did not fail to comply with his obligations under R.C. 149.43(B). In addition, Mobley filed an affidavit of indigency, so he has not incurred costs. Mobley is thus not entitled to statutory damages or court costs.

4

### III.  CONCLUSION

**{¶ 13}** Because Mobley's records request did not identify with reasonable clarity the records he is seeking, we deny his request for a writ of mandamus.  We also decline to award statutory damages or court costs.

Writ denied.

———————————

Alphonso Mobley Jr., pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Thomas W. Ellis, Assistant Prosecuting Attorney, for respondent.

———————————