[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, Slip Opinion No. 2025-Ohio-2787.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2787

THE STATE EX REL. CASTELLON *v.* CUYAHOGA COUNTY PROSECUTOR'S OFFICE ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, Slip Opinion No. 2025-Ohio-2787.]

*Mandamus—Public Records Act—R.C. 149.43—Relator's request for writ denied because all records responsive to his public-records request that are kept by respondent as a record have been produced—Requests for statutory damages, court costs, and attorney fees denied.*

(No. 2024-0203—Submitted January 7, 2025—Decided August 12, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion.

**Per Curiam.**

{¶ 1} Relator, Estephen Castellon, filed this original action seeking a writ of mandamus to compel respondents, the Cuyahoga County Prosecutor's Office and Cuyahoga County Prosecuting Attorney Michael C. O'Malley (collectively, "the prosecutor"), to produce copies of documents he sought in a public-records request. He also asks us to award him statutory damages, court costs, and attorney fees. We granted an alternative writ, ordering the parties to file any evidence they intended to present and to submit briefs. 2024-Ohio-3227.

{¶ 2} For the reasons set forth below, we deny the writ and Castellon's requests for statutory damages, court costs, and attorney fees.

## I. FACTS AND PROCEDURAL HISTORY

### A. The Public-Records Request

{¶ 3} On January 26, 2024, Castellon sent a public-records request to the prosecutor using an online-request form. Castellon requested the following records related to Cuyahoga C.P. No. CR-16-610907, a criminal case in which he was convicted of two counts of rape and one count of kidnapping: (1) "Medical records: states [sic] Exhibit #1" (2) "SANE nurse report,"[1] (3) "Chain of custody for Estephen Castellon's iPhone: Defense Exhibit[s] B and C," (4) "DNA report: states [sic] Exhibit[s] #21-22," and (5) "Grand Jury minutes." Later that day, the prosecutor replied, "We have received your public records request and will process your request in the order in which it was received."

### B. The Request for a Writ of Mandamus

{¶ 4} As of February 8, 2024, the prosecutor had not provided Castellon with the requested records, so Castellon filed this mandamus action. Shortly thereafter, we referred the case to mediation. 2024-Ohio-523.

---

1. "SANE" is an acronym for "sexual assault nurse examiner." Other evidence in the record suggests that Castellon's request for "medical records" encompassed his request for the SANE report, though in his public-records request, Castellon listed them as separate items.

{¶ 5} During mediation, on February 22, the prosecutor responded to Castellon's public-records request as follows:

> We are not able to provide you with the following because they are not public records under Ohio law:
> - Medical records pursuant to R.C. 149.43(A)(1)(a);
> - DNA records pursuant to R.C. 109.573(E) and 149.43(A)(1)(j) and R.C. 313.10(A)(1)(f);
> - Information concerning grand jury proceedings pursuant to Crim.R. 6(E); and
> - SANE report, as a confidential law enforcement investigatory record pursuant to R.C. 149.43(A)(1)(h) and (A)(2)(c).

The prosecutor did, however, provide Castellon with a copy of "a chain of custody document."

{¶ 6} Also during mediation, on March 18, the prosecutor provided Castellon with redacted copies of the SANE report and the DNA reports he had requested, though the prosecutor did not concede at that time that those reports are public records. The prosecutor and mediator consented to Castellon's submission of the February 22 response and the March 18 email as evidence in this original action.

{¶ 7} On June 25, we returned the case to the regular docket. 2024-Ohio-2412. The prosecutor subsequently filed a motion to dismiss Castellon's mandamus complaint, which we denied. 2024-Ohio-3227. We ordered the prosecutor to file an answer to the complaint and granted an alternative writ, ordering the parties to file any evidence they intended to present and to submit briefs. *Id.*

## II. ANALYSIS

### A. Writ of Mandamus

{¶ 8} "[U]pon request by any person, a public office or person responsible for public records shall make copies of [a] requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1).[2] A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; *see also* R.C. 149.43(C)(1)(b). To obtain a writ of mandamus, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10. In general, however, "when requested records have been provided to the relator after a mandamus action is filed in a public-records case, the action becomes moot." *State ex rel. Brinkman v. Toledo City School Dist. Bd. of Edn.*, 2024-Ohio-5063, ¶ 25.

{¶ 9} Castellon asserts that he revised his public-records request during mediation to request a copy of the evidentiary documents presented to the grand jury in his criminal case instead of the grand-jury minutes. However, only Castellon's original public-records request is at issue in this case. *See Strothers v. Norton*, 2012-Ohio-1007, ¶ 14 (affirming court of appeals' decision not to consider additional public-records request that the relator submitted after his mandamus action was filed).

---

2. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

*1. Castellon's claim for a writ of mandamus is moot with respect to some of his public-records requests*

{¶ 10} The assistant prosecutor who responded to Castellon's public-records request, Kelli Perk, attests in an affidavit submitted with respondents' evidence that the chain-of-custody report, medical records, DNA report, and SANE report have been produced to Castellon, with appropriate redactions.

{¶ 11} When a public office establishes by affidavit that all public records have been provided to the requester, the "attestations in [the] affidavit may be rebutted by clear and convincing evidence showing a genuine issue of fact that additional responsive records exist." *State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623, ¶ 15.

{¶ 12} Castellon does not contest the redactions made by the prosecutor in the records that have been produced to him. And although Castellon asserts that the records he has been provided are incomplete, he has not presented any clear and convincing evidence supporting his assertions.

{¶ 13} Regarding the redacted DNA reports that the prosecutor produced, Castellon avers that "[t]he actual detailed report that shows the accurate genetic ratio was not provided." And with respect to the redacted SANE report that the prosecutor produced, Castellon claims that the "report is missing the determination of force." However, he does not dispute that he received the full reports and does not argue that the prosecutor improperly redacted them. Whether the reports contain the specific information Castellon seeks (i.e., "the accurate genetic ratio" or "the determination of force") is not the issue in this case. Rather, the issue is whether the prosecutor provided Castellon with records that are responsive to his public-records request. And the prosecutor did.

{¶ 14} In sum, the prosecutor has established that all records that are responsive to Castellon's request for the medical records, SANE report, iPhone chain-of-custody record, and DNA reports from Castellon's criminal case have

been provided to him. Castellon has failed to present clear and convincing evidence to the contrary. Therefore, Castellon's claim for a writ of mandamus is moot as to those record requests. *See Brinkman*, 2024-Ohio-5063, at ¶ 25. However, Castellon's request for statutory damages based on those requests is not moot. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

*2. Castellon is not entitled to a writ of mandamus regarding the grand-jury minutes*

{¶ 15} Castellon also requested the grand-jury minutes from his criminal case. However, he does not argue in his merit brief or his reply brief that he is entitled to a writ of mandamus ordering the production of the minutes. Instead, he explains that he subsequently revised his request for the grand-jury minutes to a request for the evidentiary documents that were presented to the grand jury. Therefore, Castellon has abandoned his request for a writ of mandamus as to the grand-jury minutes. *See State ex rel. Ohio Gen. Assembly v. Brunner*, 2007-Ohio-3780, ¶ 26, fn. 4 (the court need not address request for writ of mandamus that was raised in complaint but was not specifically argued in merit brief); *see also State ex rel. Tjaden v. Geauga Cty. Bd. of Elections*, 2024-Ohio-3396, ¶ 25, fn. 6 (noting that an argument that was not developed or advanced in a party's merit brief was forfeited).

{¶ 16} Even if Castellon had not abandoned his request for the grand-jury minutes, he would not be entitled to a writ in relation to that request. As the relator, Castellon has the "burden to prove, by clear and convincing evidence, that the records [he] requested exist and are public records maintained by the [prosecutor's] office," *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. Perk attests that the prosecutor does not have a record responsive to Castellon's request for the grand-jury minutes from his criminal case, because the transcript of grand-jury proceedings is not kept by the prosector as a record. Castellon has not provided any evidence that rebuts that assertion. Therefore, he is not entitled to a writ of

mandamus ordering the prosecutor to produce the grand-jury minutes from his criminal case.

## B. Statutory Damages

{¶ 17} Under R.C. 149.43(C)(2), Castellon is entitled to an award of statutory damages if he presents clear and convincing evidence showing that (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to "the public office or person responsible for the requested public records," (3) he fairly described the records sought, and (4) "the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B). *See State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6.

{¶ 18} Castellon bears the burden to prove by clear and convincing evidence that he is entitled to statutory damages. *Id.*, citing *State ex rel. Ware v. Galonski*, 2024-Ohio-1064, ¶ 22. Statutory damages are capped at $1,000 and calculated at a fixed rate of $100 for each business day that the public office or person responsible for the requested public records failed to comply with an obligation under R.C. 149.43(B), beginning with the day the requester filed a mandamus action. R.C. 149.43(C)(2); *see State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 15.

{¶ 19} Here, Castellon submitted his public-records request to the prosecutor electronically using the prosecutor's online records-request form, and the prosecutor does not allege that Castellon failed to describe the records sought with the requisite detail. The sole remaining question under R.C. 149.43(C)(2) is whether the prosecutor failed to comply with an obligation under R.C. 149.43(B) upon receiving the request.

{¶ 20} Castellon contends that the prosecutor failed to comply with R.C. 149.43(B) by (1) failing to produce the requested records within a reasonable period, (2) failing to cite proper legal authority when denying his revised request

for records related to the grand jury, and (3) requiring him to disclose his identity and intent in making the public-records request. *See* R.C. 149.43(B)(1), (3), and (4). We address each of these contentions in turn.

*1. Reasonable period of time*

{¶ 21} R.C. 149.43(B)(1) provides that upon receiving a request from any person for copies of public records, "a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." Whether the public office or person responsible for public records failed to respond to a public-records request within a reasonable period "depends upon all of the pertinent facts and circumstances." *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10.

{¶ 22} None of the evidence presented here suggests that the prosecutor failed to provide Castellon with copies of the requested records within a reasonable period. Castellon sent his request to the prosecutor on January 26, 2024. Although Castellon asserts that he made "multiple attempts" to obtain the requested records before filing this mandamus action, the evidence does not support that assertion. The prosecutor responded to Castellon on the same day Castellon's public-records request was received, advising him that the request would be *processed* in the order in which it was received. In her affidavit, Perk attests that the prosecutor's office has a process by which employees "are assigned to review and respond to public records request[s]" and that the assigned employee must "ensure that all information required and/or allowed by Ohio and federal law to be redacted is redacted or removed" from a record before it is produced. Perk attests that on February 12, she was assigned to respond to Castellon's public-records request.

{¶ 23} Castellon filed this mandamus action on February 8, less than two weeks after sending his public-records request to the prosecutor and four days before Perk was assigned to respond to his request. Castellon has not presented any evidence, let alone clear and convincing evidence, showing that he made "multiple

8

attempts" to obtain the requested records from the prosecutor between the time he submitted his online request on January 26 and his filing this action on February 8.

{¶ 24} On February 13, we referred the case to mediation. 2024-Ohio-523. During mediation, Perk provided Castellon with two separate responses to his public-records request: On February 22, Perk informed Castellon that other than the chain-of-custody document that was being provided, the records he had requested were not subject to release as public records. Then, on March 18, Perk provided Castellon with redacted versions of two other records he had requested— the DNA and SANE reports—and informed Castellon that the prosecutor did not maintain the grand-jury transcript as a record.

{¶ 25} Perk attests that all documents in the prosecutor's possession that are responsive to Castellon's public-records request have been provided to him and that those records were provided within a reasonable period of time. We agree.

{¶ 26} The Public Records Act "'envisions an opportunity on the part of the public office to examine records' " before providing them to a requester "'in order to make appropriate redactions of exempt materials.'" *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. The Warren Newspapers, Inc. v. Hutson*, 1994-Ohio-5, ¶ 19; *see* R.C. 149.43(B)(1) ("If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt."). The prosecutor's response time was reasonable here, given the need to examine the requested records and to make any necessary redactions before providing copies to Castellon.

{¶ 27} Castellon's claim that a timely response to a public-records request under R.C. 149.43(B)(1) means that the requested records will be made "within a few business days" is meritless. Our caselaw plainly states that whether the public office or person responsible for public records failed to respond to a public-records

request within a reasonable period "depends upon all of the pertinent facts and circumstances," *Morgan*, 2009-Ohio-1901, at ¶ 10, and Castellon has not cited any authority to the contrary. Therefore, we reject Castellon's asserted definition of what constitutes a "reasonable period of time" under R.C. 149.43(B)(1).

{¶ 28} In sum, the pertinent facts and circumstances show that the prosecutor responded to Castellon's public-records request within a reasonable period of time and therefore did not fail to comply with R.C. 149.43(B)(1).

*2. Legal authority*

{¶ 29} Castellon also asserts that he is entitled to an award of statutory damages because the prosecutor did not cite legal authority to support the denial of Castellon's "revised" public-records request asking for evidentiary documents that were submitted to the grand jury in Cuyahoga C.P. No. CR-16-610907 instead of the grand-jury minutes. R.C. 149.43(B)(3) states that "[i]f a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied."

{¶ 30} In this case, the prosecutor initially responded to Castellon's public-records request by letter, setting forth the statutory provisions the prosecutor was relying on in withholding the medical records, DNA records, grand-jury minutes, and SANE report associated with Cuyahoga C.P. No. CR-16-610907.

{¶ 31} Castellon asserts that he revised his request for grand-jury information during mediation; instead of seeking the grand-jury minutes, he asked for evidentiary documents presented to the grand jury. Castellon claims that he is entitled to statutory damages based on the prosecutor's response to this revised request. However, Castellon did not seek leave to file an amended complaint in this action to include a claim for relief with respect to his revised public-records request. Accordingly, as discussed above, only Castellon's original public-records request is at issue in this case. *See Strothers*, 2012-Ohio-1007, at ¶ 14. Therefore,

Castellon may not obtain statutory damages based on the prosecutor's response to his revised request.

### 3. Requester's identity and intended use of the requested records

{¶ 32} Castellon also argues that the prosecutor violated R.C. 149.43(B)(4) by asking for his identity and intended use of the requested records during mediation when Perk stated:

> I spoke to our grand jury supervisor, and the only way we could see what evidentiary documents were presented to the grand jury would be to review the grand jury transcript, which [the prosecutor's office does] not keep . . . as a record. Documents (if any) presented to the grand jury would be just part of our case file and would have been provided to the relator's attorney in discovery in the criminal case.

{¶ 33} R.C. 149.43(B)(4) states that "no public office or person responsible for public records may limit or condition the availability of public records by requiring disclosure of the requester's identity or the intended use of the requested public record." Requiring the requester to disclose his or her identity or intended use of the record "constitutes a denial of the request." *Id.*

{¶ 34} Nothing in the record here suggests that Castellon was asked to disclose his identity or his intended use of the requested records. During mediation, Perk knew Castellon's identity because Castellon had filed this action for a writ of mandamus against the prosecutor, and Perk was engaging in the mediation process with him. Perk's response to Castellon's revised request for grand-jury documents, which Castellon relies on in support of his claim that he was asked to disclose his identity and intended use of the records, does no such thing. Perk simply informed the mediator that the prosecutor does not possess the grand-jury transcript and that

possessing the grand-jury transcript would be necessary to ascertain which documents were presented to the grand jury and disclosed to Castellon's attorney. The mediator sent Perk's response to Castellon. Contrary to Castellon's assertion, he was not asked to disclose his identity or intended use of the requested records, and therefore, the prosecutor did not violate R.C. 149.43(B)(4).

{¶ 35} Based on the foregoing, Castellon has not met his burden to show by clear and convincing evidence that he is entitled to statutory damages under R.C. 149.43(C)(2), and we deny his request for such an award.

### C. Court Costs and Attorney Fees

{¶ 36} Castellon also requests awards of court costs and attorney fees. However, because he filed an affidavit of indigency, there are no court costs to award. *See Woods*, 2023-Ohio-1241, at ¶ 12. Moreover, he has appeared pro se in this matter and thus has not incurred any attorney fees. *See id.* at ¶ 11. Therefore, we deny both requests.

### III. CONCLUSION

{¶ 37} For the foregoing reasons, we deny the writ and Castellon's requests for awards of statutory damages, court costs, and attorney fees.

Writ denied.

————————————

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 38} I concur in the court's judgment to the extent that it denies relator, Estephen Castellon, a writ of mandamus compelling respondent, the Cuyahoga County Prosecutor's Office and Cuyahoga County Prosecuting Attorney Michael C. O'Malley (collectively, "the prosecutor"), to produce records responsive to Castellon's public-records request. The prosecutor has provided all responsive records, so the request for a writ of mandamus is moot. *See* majority opinion, ¶ 14, 16. I also concur in the court's judgment to the extent that it denies Castellon's requests for court costs and attorney fees.

{¶ 39} I write separately, however, because I disagree with the court's denial of Castellon's request for statutory damages. I would award Castellon statutory damages in the amount of $1,000. Therefore, I concur in part and dissent in part.

{¶ 40} Castellon electronically transmitted a public-records request to the prosecutor on January 26, 2024. Castellon sought five categories of records from a criminal case in which he was convicted: (1) medical records, (2) the report by the sexual-assault nurse examiner ("SANE"), (3) the chain-of-custody report for his iPhone, (4) the DNA reports, and (5) the grand jury's minutes. *See* majority opinion at ¶ 3. The prosecutor confirmed receipt of the request later that day. After receiving no responsive records for almost two weeks, Castellon filed this mandamus action on February 8. This court thereafter referred the case to mediation. *See* 2024-Ohio-523.

{¶ 41} On February 22, during mediation, the prosecutor responded to Castellon's public-records request, stating that four of the five categories of requested records were exempt from disclosure. One of the records was provided to Castellon at that time—the chain-of-custody report. Almost a month later, on March 18, the prosecutor followed up with a second response to Castellon's public-records request. This time, the prosecutor provided records responsive to two of the requests—records that the prosecutor previously claimed were exempt from disclosure—the SANE report and the DNA reports. The prosecutor now asserts that the 52 days it took to produce those records was reasonable under R.C. 149.43(B)(1).[3]

{¶ 42} "[T]he determination of what is 'reasonable' depends upon all the pertinent facts and circumstances." *State ex rel. Cincinnati Enquirer v. Deters*,

---

3. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

2016-Ohio-8195, ¶ 23.  This court has considered the volume of records requested, the need for redactions, and the effort required to compile responsive records as factors in determining whether a public-records custodian responded to a public-records request within a reasonable time.  *See, e.g.*, *State ex rel. Shaughnessy v. Cleveland*, 2016-Ohio-8447, ¶ 22.  With regard to making redactions, we have stated that Ohio's Public Records Act, R.C. 149.43, ""envisions an opportunity on the part of the public office to examine records prior to [production] in order to make appropriate redactions of exempt materials."" *Cincinnati Enquirer* at ¶ 23, quoting *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 16, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson*, 1994-Ohio-5, ¶ 19.

{¶ 43} However, the opportunity to examine and redact records is not unchecked: the Public Records Act still requires production "within a reasonable period of time," R.C. 149.43(B)(1).  And even with the considerations provided in *Shaughnessy*, this court has determined that a delay of 31 business days "may appear to stretch the outer limits of reasonableness" for responding to a public-records request.  *Shaughnessy* at ¶ 22.

{¶ 44} In this case, the prosecutor produced a total of 38 pages in response to Castellon's public-records request.  The responsive records required redactions, but otherwise they were not voluminous, and the prosecutor does not claim that the records were difficult to access and compile.  Hence, beyond having to examine the requested records and make the necessary redactions, no circumstance warranted a longer response time.  An almost two-month response time is not reasonable for a public-records custodian to produce 38 pages of records with redactions.  *See generally Cincinnati Enquirer* at ¶ 25 (six business days was reasonable time in which to provide body-camera footage that required review and redactions); *Shaughnessy* at ¶ 22 (31 business days was reasonable time in which to produce public records that were voluminous, totaling 345 pages, and that required redactions).

**{¶ 45}** Therefore, I would award Castellon statutory damages in the amount of $1,000.  *See* R.C. 149.43(C)(2).  Because the court does otherwise, I concur in part and dissent in part.

————————————

Estephen Castellon, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Regina A. Russo, Assistant Prosecuting Attorney, for respondents.

————————————