[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. Grogan*, Slip Opinion No. 2026-Ohio-482.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-482

THE STATE EX REL. FENSTERMAKER *v.* GROGAN, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Fenstermaker v. Grogan*, Slip Opinion No. 2026-Ohio-482.]**

*Mandamus—Public-records requests—A public office has no obligation to produce records that it does not have—Relator failed to show entitlement to statutory damages by failing to analyze how facts and circumstances demonstrate an unreasonable delay in producing public-records; merely identifying the passage of time is not enough—Writ and relator's request for statutory damages denied.*

(No. 2024-0857—Submitted June 3, 2025—Decided February 17, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in

part, with an opinion. BRUNNER, J., concurred in part and dissented in part, with an opinion.

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought under Ohio's Public Records Act, R.C. 149.43, by relator, Tony Fenstermaker, against respondent, Raymond A. Grogan Jr., the Marion County prosecuting attorney. Fenstermaker seeks a writ ordering Grogan to produce copies of two sets of public records. Fenstermaker also requests an award of statutory damages. We deny the writ and deny the request for statutory damages.

## I. BACKGROUND

{¶ 2} Fenstermaker is an inmate at the Southeastern Correctional Institution. On March 20, 2024, Grogan's office received a public-records request from Fenstermaker asking for paper copies of the following:

1. Certified statements for years 2016-2021, pursuant to R.C. 309.16;
2. Records retention schedule;
3. Cashbook or journal for years 2016-2022, pursuant to R.C. 2335.25.

For simplicity, we refer to the third item as a request for a cashbook.

{¶ 3} On April 5, an assistant prosecuting attorney in Grogan's office responded by letter to Fenstermaker. The assistant prosecuting attorney wrote that he was providing Fenstermaker with copies of the certified statements and the records-retention schedule as requested but that he was denying the request for the cashbook. Regarding the cashbook denial, the assistant prosecuting attorney explained that Grogan's office does not have responsive records, because it does

not collect or receive legal tender, and that any records relevant to the request would be in the possession of the county auditor and county treasurer.

{¶ 4} On June 10, Fenstermaker brought this action, acknowledging that he had received the records-retention schedule but alleging that he had not received a complete set of the certified statements or the cashbook. For relief, Fenstermaker asks this court for a writ of mandamus ordering Grogan's office to provide him with paper copies of the certified statements and the cashbook and to award him statutory damages. After Grogan filed his answer, this court granted an alternative writ, setting the schedule for the presentation of evidence and filing of briefs. *See* 2024-Ohio-3227. We later granted Fenstermaker's motion to refer the case to mediation, 2024-Ohio-4716, but eventually returned the case to the regular docket and set a new case schedule, 2025-Ohio-235. Fenstermaker filed a merit brief, but not evidence; Grogan filed evidence, but not a merit brief.

{¶ 5} Grogan's evidence includes an affidavit from Jamie Davis, Grogan's office manager, who assists in responding to public-records requests. Davis worked with the assistant prosecuting attorney to fulfill Fenstermaker's request. Because Fenstermaker admits in his mandamus complaint that he received the records-retention schedule before filing this case, we limit our focus to what the evidence establishes about Grogan's production of the certified statements and the cashbook.

{¶ 6} Regarding the certified statements, Fenstermaker contends in his merit brief that Grogan "did not provide the complete record of the certified statements for years 2016-2022" and that instead, Grogan "only provided introductory letters for the years requested." He asserts that "[e]ach letter states there is an attachment but NO attachment was provided." (Capitalization in original.) Davis attests that although the assistant prosecuting attorney mistakenly did not include copies of the attachments to the certified statements in the April 5 letter to Fenstermaker, Grogan's office subsequently mailed the attachments by

certified mail on July 3. And, as evidenced by a certified-mail receipt, the attachments were delivered on July 9.

{¶ 7} Regarding Fenstermaker's request for the cashbook, Davis confirms in her affidavit that because Grogan's office does not receive money, it has no responsive records. She further attests that people are directed to pay delinquent taxes to the county treasurer and court costs to the clerk of courts. But although Davis attests that Grogan's office does not maintain any responsive records related to the cashbook Fenstermaker requested, she also attests that she contacted the county auditor, obtained responsive records, and included them in the same July 3 letter sent by certified-mail in which the certified-statement attachments were sent.

## II. ANALYSIS

### A. Mandamus

{¶ 8} Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act. *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11; R.C. 149.43(C)(1)(b). To obtain the writ, Fenstermaker must show by clear and convincing evidence that he has a clear legal right to the requested relief and that Grogan has a clear legal duty to provide it. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10. Fenstermaker bears the burden to plead and prove facts showing that he requested a public record under R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26.

{¶ 9} In his merit brief, Fenstermaker confirms that Grogan sent him the attachments to the certified statements in the July 3 mailing and Fenstermaker does not argue that he is entitled to a writ of mandamus directing Grogan to provide the certified statements or any attachments thereto. Fenstermaker has therefore abandoned his request for a writ of mandamus as to the certified statements. *See State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2787,

¶ 15 (observing that a relator's failure to argue in support of a claimed entitlement to a writ of mandamus in a merit brief or reply brief constitutes abandonment of the claim).

{¶ 10} What remains to be decided is whether Fenstermaker is entitled to a writ directing Grogan to provide him with a copy of the requested cashbook. R.C. 2335.25 provides that "[e]ach . . . prosecuting attorney shall enter in a journal or cashbook . . . an accurate account of all moneys collected or received in the . . . prosecuting attorney's official capacity . . . ." Fenstermaker surmises that under that statute and based on his review of the records-retention schedule that he received, Grogan's office maintains records responsive to his request for the cashbook. According to Fenstermaker, the records-retention schedule indicates that Grogan's office maintains multiple accounts into which money is deposited.

{¶ 11} Fenstermaker's claim fails. The only evidence submitted in this case comes from Grogan's office, and that evidence establishes that no responsive records exist regarding the cashbook: According to Davis's affidavit, Grogan's office does not receive money; rather, it directs persons to pay delinquent taxes and court costs to the county treasurer and clerk of courts, respectively. In view of this evidence, we must deny the writ. *See State ex rel. Mack v. State Hwy. Patrol Cent. Records*, 2025-Ohio-1332, ¶ 9 (denying a writ of mandamus when the person responsible for public records averred that no responsive records existed and the relator provided no contrary evidence). We recognize that Grogan's office obtained responsive records from the county auditor and sent them to Fenstermaker on July 3, thus suggesting that this aspect of Fenstermaker's public-records request is moot. But we decline to apply the mootness doctrine here, because a public office has no obligation to produce public records that it does not have. *State ex rel. Adkins v. Cole*, 2025-Ohio-1026, ¶ 18 (a public office does not have an obligation to furnish records that are not in its possession or control).

{¶ 12} In sum, we deny the writ.

## B. Statutory damages

{¶ 13} Fenstermaker claims that he is entitled to $1,000 in statutory damages. He does not specify, however, whether his claim for statutory damages relates to his request for the certified statements, the cashbook, or both. Because the evidence shows that Grogan's office does not keep a cashbook, Fenstermaker's only path to obtaining statutory damages lies with Grogan's handling of the request for the certified statements.

{¶ 14} Under Ohio law, a person who transmits to a public office by certified mail a fairly described public-records request, as Fenstermaker did here, is entitled to an award of statutory damages if a court determines that the public office failed to comply with an obligation under R.C. 149.43(B). *See* R.C. 149.43(C)(2).[1] "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000." *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 15, citing R.C. 149.43(C)(2). One of the obligations imposed by R.C. 149.43(B) is that the public office "make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1).

{¶ 15} Fenstermaker's argument in support of his statutory-damages claim is terse. He states in his merit brief that 120 calendar days elapsed between the time that Grogan's office received his public-records request and "ma[de the] records available."[2] The implication is that this court has articulated a per se rule requiring

---

1. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

2. Fenstermaker also says that approximately 28 "business days have elapsed from the filing of the instant action in mandamus." It is unclear what Fenstermaker is attempting to measure in this sentence.

the issuance of an award of statutory damages when this much time has passed in a public-records case. Fenstermaker is incorrect both factually and legally.

{¶ 16} As a matter of fact, Fenstermaker did not wait as long as he claims he did to receive the certified statements. Unacknowledged in Fenstermaker's argument is that Grogan's office sent him responsive records—the records-retention schedule and portions of the certified statements—about two weeks after receiving his public-records request. While it is true that Grogan's office later supplemented its response, the notion that it ignored Fenstermaker for almost four months is false.

{¶ 17} As a matter of law, in determining whether a public office has responded to a public-records request within a reasonable period, a court does not look to the passage of time alone; rather, the inquiry must account for "all of the pertinent facts and circumstances." *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *see also State ex rel. Mobley v. Powers*, 2024-Ohio-3315, ¶ 9 (observing that relevant factors for analysis include the scope of the request, the volume of responsive records, and whether redactions are necessary). When a relator has neither suggested a reason why the amount of time it took for the record to be produced was unreasonable nor suggested what a more reasonable response time might have been, he has not carried his burden of showing entitlement to statutory damages. *See State ex rel. Stuart v. Greene*, 2020-Ohio-3685, ¶ 8. By shining a spotlight on the mere passage of time and omitting *any* analysis of the pertinent facts and circumstances, Fenstermaker has not carried his burden to show entitlement to statutory damages.

{¶ 18} We therefore deny Fenstermaker's request for a statutory-damages award.

### III. CONCLUSION

{¶ 19} We deny the writ and Fenstermaker's request for an award of statutory damages.

Writ denied.

---

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 20} I agree with the majority that relator, Tony Fenstermaker, is not entitled to a writ of mandamus, because respondent, Raymond A. Grogan Jr., the Marion County prosecuting attorney, either produced the requested records or properly denied the public-records request. However, I disagree with the majority's conclusion that Fenstermaker is not entitled to statutory damages.

{¶ 21} Fenstermaker requested paper copies of certified statements for the years 2016 through 2021 from Grogan's office on March 20, 2024. On April 5, Grogan's office responded that it was providing these statements. However, its response was incomplete, including only the introductory letters to the certified statements and not their attachments. On June 10, Fenstermaker filed this action seeking a writ of mandamus to compel the production of those attachments. Grogan's office mailed the attachments to Fenstermaker on July 3.

{¶ 22} Ohio's Public Records Act, R.C. 149.43, provides that a "requester shall be entitled to recover . . . statutory damages . . . if a court determines that the public office or person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]." R.C. 149.43(C)(2).[3] Once a failure to comply with the act has been identified, "[t]he amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office . . . failed to comply . . . , up to a maximum of one thousand dollars." *Id.* The statute does not require that the court grant the writ of mandamus for the requester to be eligible for damages. Instead, eligibility is determined based

---

3. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

on the reasonableness of how long it took the records custodian to comply with his obligations under the act, either voluntarily or as directed by a court order.

{¶ 23} Producing requested public records within a reasonable time is among the very first obligations listed in division (B). *See* R.C. 149.43(B)(1). The obligation is not satisfied until a complete set of responsive records is produced. *See State ex rel. DiFranco v. S. Euclid*, 2015-Ohio-4914, ¶ 18. It does not matter, as the majority implies, that *some* of the responsive records were produced. *See* Majority opinion, ¶ 16. In this case, Grogan did not provide Fenstermaker with a complete set of responsive records until July 3, more than ten business days after Fenstermaker filed his mandamus action and more than three months after he made his public-records request. Grogan has not argued that Fenstermaker's public-records request was ambiguous, and "the limited number of documents sought by [Fenstermaker] . . . were clearly identified and should not have been difficult to locate, review, and produce," *State ex. rel. Miller v. Ohio Dept. of Edn.*, 2016-Ohio-8534, ¶ 8 (10th Dist.). For those reasons, and because "the production did not occur until after [Fenstermaker] filed this mandamus action," *id.*, I would find that Grogan did not comply with an obligation under R.C. 149.43(B).

{¶ 24} "'[T]he determination of what is "reasonable" depends upon all the pertinent facts and circumstances.'" (Brackets added in *Castellon*.) *State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2787, ¶ 42 (Kennedy, C.J., concurring in part and dissenting in part), quoting *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 23. Typically, the facts and circumstances affecting whether a records-production timeline is reasonable are things like the need to review the documents and redact exempt information or the volume of records requested. *Id.* But this case is straightforward, involving a request for a few easily identifiable records that did not require redaction.

{¶ 25} Under these circumstances, Fenstermaker met his burden to show that he is entitled to statutory damages. He cited the statute and case law, and he

noted how long it took for him to receive all the responsive records from Grogan. The case the majority cites to suggest that Fenstermaker has not met his burden is irrelevant, because the circumstances in that case differ from the circumstances here and included a factor which can justify taking extra time to produce a record. In *State ex rel. Stuart v. Greene*, the respondent produced a redacted copy of the requested public record one month after the public-records request was made and six days after the filing of the mandamus action. 2020-Ohio-3685, ¶ 2-3. Despite the need for redactions, the relator in *Stuart* still received his requested records more quickly than Fenstermaker did here.

{¶ 26} An award of damages under the Public Records Act is compulsory: the "requester *shall* be entitled to recover . . . statutory damages." (Emphasis added.) R.C. 149.43(C)(2). The statute provides only one circumstance in which "[t]he court *may* reduce an award of statutory damages or not award statutory damages." (Emphasis added.) *Id.* To not award damages, the court must find that "a well-informed" records custodian would reasonably believe that the conduct of the public office or person responsible for the public records (1) "did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)]," R.C. 149.43(C)(2)(a), and (2) "would serve the public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b).

{¶ 27} Such a finding has not been made, and could not be made, here. Grogan admits in his answer and his employee, Jaime Davis, admits in an affidavit that the responsive attachments were "mistakenly" not included in the initial response provided to Fenstermaker. But the statute does not require a finding of bad faith to award damages, and negligence is no defense. *See State ex rel. Baker v. Treglia*, 2025-Ohio-2816, ¶ 34, citing *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 18.

{¶ 28} The majority steps outside the bounds of the statute by not making the findings that the court is required to make before refusing to award a public-

records requester the statutory damages he seeks. More than ten business days passed between Fenstermaker's filing of his action for a writ of mandamus and Grogan's complete production of the requested records, so I would find that Fenstermaker is entitled to $1,000 in statutory damages. Because the majority does otherwise, I concur in part and dissent in part.

_____

**BRUNNER, J., concurring in part and dissenting in part.**

{¶ 29} I dissent from the portion of the court's judgment denying an award of statutory damages to relator, Tony Fenstermaker. The majority holds that Fenstermaker is not entitled to a writ of mandamus, and I concur in that portion of the judgment, but even so, Fenstermaker is still eligible for statutory damages if the public office responsible for the requested public records failed to comply with an obligation under R.C. 149.43(B). *See State ex rel. Ware v. Giavasis*, 2020-Ohio-3700, ¶ 10. Fenstermaker argues that respondent, Raymond A. Grogan Jr., the Marion County prosecuting attorney, failed to provide the requested public records within a reasonable time, in violation of R.C. 149.43(B).

{¶ 30} The majority opinion describes Fenstermaker's argument in support of statutory damages as "terse," majority opinion, ¶ 15, stating that Fenstermaker failed to explain why the amount of time it took for Grogan's office to provide complete copies of the certified statements that he requested was unreasonable. *Id.* at ¶ 17. But we have granted statutory damages to pro se litigants with less quibbling or hairsplitting. In fact, Fenstermaker cites a case in which we awarded a public-records requestor $1,000 in statutory damages for a public office's unreasonable delay in producing records under Ohio's Public Records Act, R.C. 149.43. *See State ex rel. Mobley v. Dept. of Rehab. & Corr.*, 2022-Ohio-1765, ¶ 31. Granted, the delay in *Mobley* was nearly a year, but the relator in that case committed only three sentences to the issue of statutory damages in his merit brief and did not refer to the unreasonableness of the delay. *See* Relator's Merit Brief at

5-6, *Mobley* (Case No. 2021-0725).

{¶ 31} Even in mandamus actions filed by public-records requestors who have retained counsel, the relator's rarely explain *why* a period of delay in responding to the request was unreasonable. In *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, we found that although the respondent ultimately produced records responsive to the relator's public-records request, it did not do so until four days after the relator filed a mandamus complaint, and thus, we awarded $500 in statutory damages. 2021-Ohio-1762, ¶ 44 (lead opinion). In that case, the relator in its merit brief did not explain why a four-day response time after the complaint was filed was unreasonable, but rather, generally discussed the passage of time between the submission of the public-records request and filing of a mandamus complaint and when responsive records were ultimately produced. *See* Relators' Merit Brief at 7-9, *Hogan Lovells* (Case No. 2019-1511). Nor did we provide a meaningful analysis of *why* four days constituted an unreasonable time in in that case. Should we have required more explanation in our prior cases? Or are we just carping here?

{¶ 32} In my view, the record and brief filed in this case sufficiently establish that Fenstermaker is entitled to statutory damages. After Fenstermaker filed his mandamus complaint on June 10, 2024, Grogan's office did not send him complete copies of the certified statements for another 23 days. That is 105 days from when Grogan received Fenstermaker's public-records request. Fenstermaker argues that regardless of whether the response time is calculated from the date he sent his public-records request or the date he filed this mandamus action, the time it took Grogan's office to provide him with a complete response was unreasonable.

{¶ 33} Grogan offers no response to this position. His office received Fenstermaker's public-records request on March 20, 2024. His office prepared the certified statements to be included in the response to that request but apparently inadvertently failed to include the attachments with the response that his office sent

to Fenstermaker 16 days later. Once Grogan's office received Fenstermaker's mandamus complaint and realized its mistake, Grogan's office took another 23 days to provide Fenstermaker with the attachments to the certified statements—even though they apparently had already been prepared to accompany the initial response.

{¶ 34} Grogan does not explain why it took his office that length of time to produce complete copies of the certified statements to Fenstermaker after the mandamus complaint was filed. Once Fenstermaker provided an argument to support an award of statutory damages for unreasonable delay, it was incumbent upon Grogan to refute that argument with facts underpinning why the delay was not, in fact, *un*reasonable. But he did not do that here.

{¶ 35} Finally, the majority opinion implies that Fenstermaker's calculations or arguments are misleading and presumptuous. This is an unfair characterization. Fenstermaker did not hide the fact that Grogan provided a partial response to his public-records request on April 5, 2024. Fenstermaker acknowledged in his mandamus complaint that Grogan's office provided him with some of the records he requested, he attached a copy of the April 5 letter as an exhibit to his complaint, and he explained in his merit brief that the April 5 response was incomplete. At no point did Fenstermaker describe Grogan's office as ignoring him for almost four months. *See* majority opinion at ¶ 16. And while the various time frames Fenstermaker describes might be confusing, I do not believe his intent was to mislead the court. By the time he received a complete response to his public-records request from Grogan's office, including the attachments to the certified statements, over 100 days had passed since Grogan's office had received the public-records request, and over 20 days had passed since Fenstermaker had filed this action.

{¶ 36} Fenstermaker qualifies for statutory damages under R.C.

149.43(C)(2).[4]  The majority has, without basis to do so, constructed unnecessary obstacles for Fenstermaker to mount, based on the apparent lack of artfulness in his presentation of claims rather than their merits.  I therefore respectfully dissent from the court's judgment on the issue of statutory damages and would award Fenstermaker the maximum statutory amount of $1,000.

———————————

Tony Fenstermaker, pro se.

Raymond A. Grogan Jr., Marion County Prosecuting Attorney, and William J. Owen, Assistant Prosecuting Attorney, for respondent.

———————————

---

4. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered.  This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).